The appellant, Jerry Hammond, was indicted on October 7, 1988, in Houston County, for the capital offense of murder committed during a robbery in the first degree or an attempt thereof, a violation of Ala. Code 1975, § 13A-5-40(a)(2). On September 14, 1990, a jury found him guilty of the capital offense charged in the indictment. A sentencing hearing was held before the jury, in accordance with §§ 13A-5-45 and -46, and the jury recommended that the sentence be death, by a vote of 11 in favor of death and 1 in favor of life imprisonment without the possibility of parole.[1] Thereafter, the trial court held another sentencing hearing in accordance with §§ 13A-5-47
through -52, and, after weighing the aggravating and mitigating circumstances and considering the jury's recommendation, sentenced the appellant to death.
The appellant raises 26 issues on appeal. However, we will address only one issue at this time: whether the appellant is entitled to a reversal of his conviction and a new trial because the court reporter allegedly failed to file a complete and reliable transcript of the trial proceedings. We must remand this case to the trial court pursuant to Ala.R.App.P. 10(g), for supplementation of the record by the addition of a portion of the voir dire examination of certain venirepersons who were challenged for cause.
Appellate review of a defendant's conviction for a capital offense and sentence of death is automatic. §§ 13A-5-54 and -55. The standard for review in death penalty cases is stricter than that in other criminal cases. Harris v. State,552 So.2d 857 (Ala.Cr.App. 1987). Our review in death penalty cases is governed by the plain error doctrine, which imposes on us the duty to examine the entire record to determine whether any error prejudicial to the appellant exists. Ala.R.App.P. 45A. Because of the appellant's right to appeal and because he has been determined to be an indigent, the state must afford him a record of sufficient completeness to permit proper consideration of his claims presented on appeal. Draper v.Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963);Harris v. State, 552 So.2d at 860.
The appellant claims that a portion of the voir dire examination of six venirepersons is missing from the record on appeal. The record shows that, during the voir dire examination, five prospective jurors — Wade Morrison, Janice Rivers, William Melvin, Verdell Tigg, and Otho Leanord — indicated that they might be biased because of their knowledge of the cases based on pretrial publicity. A sixth venireperson, Danny Ceasar, indicated his possible inability to be fair to both the state and the appellant. The trial court stated that it would examine these venirepersons further after it allowed the other venirepersons to go to lunch. This voir dire examination obviously occurred, but the reporter's transcript of that proceeding is missing from the record. We can discern from the strike list in the record that five of these venirepersons were excused as a result of challenges for cause at that hearing: Danny Ceasar, *Page 970 
Wade Morrison, Janice Rivers, William Melvin, and Verdell Tigg. It appears from the strike list that the state challenged Danny Ceasar and Janice Rivers for cause and that the appellant challenged Wade Morrison for cause. We cannot determine from the record who challenged William Melvin and Verdell Tigg, whether it was one of the parties or whether they were excused for cause by the trial court. The record indicates that Otho Leanord was removed for cause in later voir dire proceedings.
"Challenges for cause shall be made before the parties begin striking the jury and may, in the discretion of the court, be made out of hearing of the prospective jurors but shall be on the record." A.R.Cr.P. 18.4(e). The trial court shall make certain that the court reporter takes full notes from which a transcription of the examination of the prospective jurors can be made relative to qualifying them. Liddell v. State, 287 Ala. 299, 251 So.2d 601 (1971).
Absent a transcript of the voir dire proceedings in question, this court has no way of reviewing or assessing whether the exclusion for cause of the named venirepersons was proper. Moreover, we cannot fulfill our duty to search the record for plain error. This missing portion of the record is obviously substantial and significant, and it could impact upon the substantial rights of the appellant.
For these reasons, we remand this case to the trial court and order that court to take the necessary steps to provide us with a properly certified supplemental record of the missing voir dire proceedings, which will include the challenges for cause of the above-named venirepersons. As recognized in Harris v.State, 552 So.2d at 860, a verbatim transcript is not the sole method for supplying an omission from the record. If the court finds that no verbatim transcript exists, it may proceed under Rule 10(e), if possible. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 28 days of the release of this opinion. The return to remand shall include a transcript of any remand proceedings conducted by the trial court.
The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] "The decision of the jury to recommend a sentence of death must be based on a vote of at least 10 jurors." Ala. Code 1975, § 13A-5-46(f).